## Marion Township Poor Dist. v. Howard Borough Poor Dist.

N. B. *Spangler* and *Ivan Walker*, for Marion Township Poor District.

J. K. *Johnston*, for Howard Borough Poor District.

FLEMING, P. J., Jan. 30, 1929.—This is a proceeding under the 2nd section of the Act of April 6, 1905, P. L. 112, wherein the defendant poor district has been cited to show cause why an order of removal, in the matter of one Elizabeth Orndorf, should not issue as provided by said act. We note that the statute requires twenty days' notice of hearing to be given, whereas the record herein shows that an interval of but twelve days elapsed between the presentation of the petition and the acceptance of service and waiver of issuance of the citation by counsel for the defendant poor district. However, as all parties have appeared and hearing has been had, the defect noted is deemed to have been waived, and we shall proceed to a final disposition of the matter upon its merits.

From the testimony adduced we find the following

### Facts.

1. Elizabeth Orndorf is a single woman above the age of twenty-one years, and without child.

2. Prior to the death of her mother in 1922, the said Elizabeth Orndorf resided in the village of Jacksonville, Marion Township, Centre County, Pennsylvania.

3. That subsequent to the death of her mother in 1922, the said Elizabeth Orndorf spent the following periods within the limits of the Poor District of the Borough of Howard, viz.: *(a)* From Aug. 11, 1922, to Sept. 5, 1922, 25 days; *(b)* from Oct. 30, 1922, to May 30, 1923, 212 days; *(c)* from June 12, 1923, to Sept. 11, 1923, 101 days; *(d)* from Sept. 21, 1923, to June 28, 1924, 281 days; *(e)* from Nov. 11, 1924, to May 15, 1925, 185 days; *(f)* from June 13, 1925, to Sept. 11, 1926, 1 year and 90 days; *(g)* from Oct. 30, 1926, to May 10, 1928, 2 years and 193 days.

4. That the persons or places with whom and where the said Elizabeth Orndorf resided during her respective stays in the Poor District of the Borough of Howard were, respectively, as follows: *(a)* With her aunt, Mrs. Lucas, and her brother, William Orndorf; *(b)* with her aunt, Mrs. Lucas, and her brother, William Orndorf; *(c)* with her aunt, Mrs. Lucas, and her brother, William Orndorf; *(d)* with her brother, William Orndorf; *(e)* with her brother, William Orndorf; *(f)* with her brother, William Orndorf; *(g)* with her brother, William Orndorf.

5. That the said Elizabeth Orndorf executed no public office in the Poor District of the Borough of Howard at any time.

6. That the said Elizabeth Orndorf was not assessed nor did she pay any public taxes or levies at any time within the Poor District of the Borough of Howard.

7. That the said Elizabeth Orndorf at no time took a lease of real estate of any sort within the said Poor District of the Borough of Howard.

8. That the said Elizabeth Orndorf at no time became seized of any freehold estate within the said Poor District of the Borough of Howard.

9. That the said Elizabeth Orndorf at no time became lawfully bound or hired as a servant within the said Poor District of the Borough of Howard.

10. That the said Elizabeth Orndorf, jointly with her brother, William Orndorf, is seized of real estate within the said Poor District of the Township of Marion.

11. That the contents of the home within the Poor District of the Township of Marion, owned jointly by the said Elizabeth Orndorf and William Orndorf, her brother, wherein the said Elizabeth Orndorf resided with her mother prior to the death of said mother, are intact and unchanged in any way.

12. That an order of relief was sworn out by Dr. W. J. Kurtz, of Howard, Pa., before A. A. Pletcher, Esq., and George W. Eaton, Esq., two of the justices of the peace for Centre County, on May 2, 1928.

13. That said order of relief was duly served upon J. A. Bartley and Willard C. Harter, Overseers of the Poor for the Township of Marion.

14. That the said Elizabeth Orndorf was delivered by the Poor District of the Borough of Howard to J. A. Bartley, one of the Overseers of the Poor for the Township of Marion, on May 10, 1928.

15. That the Poor District of the Borough of Howard has paid to the Poor District of the Township of Marion the sum of $60, being for the maintenance and support of the said Elizabeth Orndorf for the period beginning May 10, 1928, and ending Sept. 10, 1928, a period of four months, at $15 per month.

16. That no payments have been made by the said Poor District of the Borough of Howard for or on account of the maintenance and support of the said Elizabeth Orndorf since Sept. 10, 1928.

### Discussion.

The question for determination is the settlement of Elizabeth Orndorf. That she was, prior to the death of her mother, properly and legally settled in the Poor District of the Township of Marion cannot be questioned. Has she, therefore, since the date of her mother's death, become legally settled elsewhere? If the answer should be affirmative, there can be no question but that her place of settlement would be in the Poor District of the Borough of Howard, for she has dwelled nowhere except within the two poor districts which are the parties to this proceeding.

It is our opinion, however, that she has not lost her legal settlement in Marion Township and that the poor district of that township is liable for her maintenance and care. In view of our findings 5, 6, 7, 8 and 9, it cannot be held that she became legally settled in the Poor District of the Borough of Howard, under any of the provisions of the Act of May 1, 1909, § 3, P. L. 307. The remaining question is, therefore, did she acquire a settlement in the defendant poor district by virtue of the provisions of the Act of April 6, 1905, § 1, P. L. 112, which provides: "A settlement may be gained in any poor district by any person, married or single, who bona fide comes to inhabit therein and continues to reside therein for one year. Persons born in a place,

whether legitimate or illegitimate, shall be deemed to be settled there, unless the parent having their custody be settled elsewhere; and all children shall follow the settlement of the parent or parents, stepfather or stepmother, having their custody until the age of sixteen years."

It is quite true that Miss Orndorf, on two occasions since the death of her mother, was absent from the plaintiff poor district and was resident in the defendant poor district for periods in excess of one year. Did she *bona fide* come to inhabit therein, and especially during the most recent period? Miss Orndorf answers this question most satisfactorily on page 7 of the notes of testimony, viz.: "Q. Do you or do you not have a home furnished in Jacksonville? A. Yes. Q. State whether or not you also moved over to Howard? A. No; I never moved there. I never had any furniture or a trunk at Howard, only some clothing. Q. Did you ever go there with the intention of making that your home? A. No; my aunt promised to keep my home in Jacksonville. Q. You have considered Jacksonville as your home? A. Yes, I looked at it as my home."

"It has often been decided in the construction of statutes relating to the settlement of paupers that residence includes something more than mere physical presence. There must be on the part of the pauper the settled intention of choosing his place of residence with the object of making it his home:" 21 Ruling Case Law, page 717, par. 20, citing, *inter alia,* Heidleberg *v.* Lynn, 5 Whart. 430.

From the lips of Miss Orndorf we find that she had no intention of making Howard Borough her home. With the death of her mother, she most naturally interested herself in her closest relatives, her brother and her aunt. Howard was but a few miles away, and her extended visits there do not in themselves affect her proper settlement in the plaintiff district. See Noyes Township Poor District *v.* Chapman Township Poor District, 21 Dist. R. 667; Westmoreland County Poor District's Appeal, 77 Pa. Superior Ct. 402. We, therefore, reach the following conclusions of

*Law.*

1. That the said Elizabeth Orndorf had no legal settlement in the Poor District of the Borough of Howard.

2. That the said Elizabeth Orndorf is properly and legally settled in the Poor District of the Township of Marion.

3. That the order of removal herein requested should be refused and that the Poor District of the Township of Marion should be requested to keep and care for the said Elizabeth Orndorf as a charge upon the said poor district.

4. That the costs of the case and charges properly allowable be paid by the Poor District of the Township of Marion.

We, therefore, enter the following

*Decree.*

And now, Jan. 30, 1929, after a full hearing and due consideration, citation is discharged and it is adjudged that the Poor District of the Township of Marion, County of Centre and State of Pennsylvania, is the last place of legal settlement of Elizabeth Orndorf, who was regularly and legally adjudged, and is hereby so adjudged, a poor person in need of relief, and was so at the time the order of relief aforesaid was issued and delivered into the hands of the Overseers of the Poor of the Poor District of the Township of Marion; and it is further ordered that the Poor District of the Township of Marion

pay to the Poor District of the Borough of Howard the sum of $60, being the amount expended by it for the relief of the said Elizabeth Orndorf from May 10, 1928, to Sept. 10, 1928, and shall pay also the costs of these proceedings.

From S. D. Gettig, Bellefonte, Pa.